Filed 2/11/21  P. v. Caldwell CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORNELIUS CALDWELL,<br><br>    Defendant and Appellant. | B299017<br><br>(Los Angeles County<br>Super. Ct. No. BA001856) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 1170.95 (section 1170.95) permits resentencing defendants convicted of felony murder or natural and probable consequences murder, but not defendants who (with malice aforethought) are a murder victim's "actual killer." (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.) We consider whether the trial court correctly concluded defendant Cornelius Caldwell (defendant) was ineligible for section 1170.95 relief because he is an actual killer.

In 1989, the Los Angeles County District Attorney charged defendant with "willfully, unlawfully, and with malice aforethought murder[ing] Jane Doe, aka Charlisa Carlyn Clark, a human being." The information further alleged defendant "personally used a deadly and dangerous weapon[ ], to wit, [a] strangulation rope . . . ." According to testimony at defendant's preliminary hearing, defendant's then-girlfriend was found strangled to death by a dumpster and defendant told an acquaintance (who saw the dead body before it was moved to the dumpster area) that "things just got out of hand" and he needed to find a place to hide the body.

Defendant pled no contest to second degree murder. There is no indication defendant admitted the personal use of a deadly or dangerous weapon allegation. When prompted by the trial court during the plea colloquy, defendant's attorney stipulated there was a factual basis for the plea, but there was no elaboration as to what that factual basis was. In June 1990, the trial court sentenced defendant to 15 years to life in prison.

Nearly 20 years later, defendant filed a section 1170.95 petition to vacate his murder conviction. Defendant completed a form petition by hand, checking boxes to request appointment of

counsel and to assert he pled no contest because he believed he could have been convicted of murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine.

The trial court reviewed defendant's petition and denied it without appointing counsel. The court found defendant was ineligible for relief because he was "the actual killer." Defendant noticed an appeal from the denial.

We hold the trial court erred in denying defendant's section 1170.95 petition without first appointing counsel because the record of the plea colloquy does not establish, as a matter of law, that defendant's murder conviction rests on his guilt as the actual killer. Defendant's attorney stipulated there was a factual basis for his no contest plea, but there was no specification of what that factual basis was—or even the source of it (e.g., a police report). Without an admitted factual basis, we cannot say defendant is ineligible for relief as a matter of law; it is possible his decision to plead guilty may have, for instance, rested on his assessment of criminal liability on a natural and probable consequences theory of murder. To be sure, we do have defendant's preliminary hearing transcript in the appellate record, but a court confronted with a section 1170.95 petition may not rely solely on a preliminary hearing transcript at the initial prima facie stage—where a finding of ineligibility as a matter of law is required—before counsel is appointed. (See, e.g., *People v. Perez* (2020) 54 Cal.App.5th 896, 905-906 [trial court may consider preliminary hearing testimony in determining—as part of its *second* stage prima facie review under section 1170.95, subdivision (c)—whether the petitioner has made a prima facie

3

showing he or she is entitled to relief and an order to show cause should issue].)

Reversal is therefore required, but on remand, the trial court may revisit the issue of whether defendant is ineligible as the actual killer after appointing counsel for defendant and considering the submissions contemplated by section 1170.95, subdivision (c).

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the cause is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.